IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FREDRIC R RICHTER,

    Plaintiff,
v.                                                        CASE NO. 4:12-cv-217-RH-GRJ

JEROME L MEISNER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against a public defender appointed to represent him in state-court criminal proceedings. (Doc. 1.) Plaintiff is a resident of Clearwater, Florida, and according to the Complaint the Defendant resides in Sarasota, Florida. Plaintiff's claims stem from his representation by a public defender in a Sarasota criminal case.

Plaintiff's complaint suffers from several defects. First, there are no factual allegations in the Complaint that provide any basis for invoking federal jurisdiction. To assert a claim under § 1983, a plaintiff must show that the defendant acted under color of state law. *See Jackson v. Metro Edison Corp.*, 419 U.S. 345, 349 (1974). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dobson*, 454 U.S. 312, 325 (1981); *see also Moore v. Bargstedt,* 203 Fed. Appx. 321 (11th Cir. 2006). Plaintiff's allegations are based on his public defender's actions while "performing a lawyer's traditional functions" and accordingly was not acting under color of state law and is not liable under § 1983.

Even if Plaintiff asserted a cognizable federal claim, venue is improper in this Court. Venue is proper in a civil action not founded solely on diversity only in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events giving rise to the claims occurred; or (3) where any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). The allegations of the Complaint reflect that the Defendant resides in Sarasota, Florida, and that all of the events giving rise to the claims occurred in Sarasota, Florida. Sarasota, Florida is within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division. Accordingly, this case should have been filed in that District.[1] *See* 28 U.S.C § 1391(b).

Pursuant to 28 U.S.C. § 1406(a) where, as here, a case has been filed in the wrong venue, "[T]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss, or if it be in the interest of justice, transfer such case to any district ... in which it could have been brought." In view of the fact that Plaintiff's allegations state no cognizable basis for exercising federal jurisdiction, transfer of this case would not be in the interests of justice.

---

[1] Plaintiff has, on two occasions, filed suit in the Middle District against Defendant Meisner alleging Defendant violated his civil rights in the course of his representation in state-court criminal proceedings. Each case was dismissed for failure to state a claim. *Richter v. Meisner,* Case No. 8:07-cv-637-T-26TBM (M.D. Fla. April 13, 2007) and *Richter v. Meisner,* Case No. 8:09-cv-1548-T-23EAJ (M.D. Fla. Aug. 13, 2009).

*Case No: 4:12-cv-217-RH-GRJ*

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to state a claim upon which relief may be granted and for improper venue.

**IN CHAMBERS** at Gainesville, Florida, this 4th day of May 2012.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**